Shientag, J.
Petitioner-respondent Cantelmo is a 50% owner of the stock in Brewer-Cantelmo Co., Inc. The respondent-appellant Brewer owns the other 50% of the stock. Both parties were the original organizers of the corporation. Cantelmo has brought this proceeding to dissolve the corporation on the ground that there is a hopeless deadlock between the stockholders, who, because of their differences, are unable to agree upon a third impartial director and consequently are unable to elect a directorate to control the business of the corporation.
The proceeding is brought under section 103 of the General Corporation Law, which provides: “ Unless otherwise provided in the certificate of incorporation, if a corporation has an even number of directors who are equally divided respecting the management of its affairs, or if the votes of its stockholders are so divided that they cannot elect a board of directors, the holders of one-half of the stock entitled to vote at an election of directors may present a verified petition for dissolution of the corporation * * *
Section 117 provides in part that “ If upon the application for the final order, it shall appear that the case is one specified in this article and that a dissolution will be beneficial to the stockholders or members and not injurious to the public, the court must make a final order dissolving the corporation.”
It is apparent from the provisions of the statute that in order to be entitled to a dissolution, such dissolution must be for the benefit of the stockholders. In a somewhat similar case (Matter of Myer v. Myer, 272 App. Div. 888, leave to appeal denied 297 N. Y. 1038), this court refused the dissolution where the holders of 50% of the stock demanded it on the ground of a deadlock in the board of directors. In that case, as in this, the business was functioning actively and with profit. In that case, as in this, there was no real difference in opinion between the parties as to matters of management. The corporation was growing steadily, with profits to both parties, and there was nothing to show that a similar investment in another business would produce more satisfactory returns. The referee in the Myer case, *233 whose report was confirmed, rightly stated: “ It is sheer folly to destroy it. Whatever other judicial remedy they may have, they have failed to make out a case for dissolution.”
Without referring to the details of the growth and development of Brewer-Cantelmo Co., Inc., the corporation here involved, it may be noted that starting with a capital of $3,000 and by paying themselves small salaries the business was built up until they were able to pay themselves $25,000 each in salaries, with bonuses, and the net profits for the years 1942-1947 have been very large.
There is a complete absence of factual proof in this record to indicate that corporate success and efficiency of management have been interfered with by the inability of the parties to agree upon a third director. Indeed, the petitioner has made no bona fide attempt to agree with the respondent on the selection of such a third director. The entire objective of the petitioner has been to force the respondent out of the business and, in effect, to obtain for himself (the petitioner) the benefits to the corporation built up over the years by the joint efforts of both parties. We see no reason why the courts should, under the circumstances here presented, lend themselves to the accomplishment of the purpose sought by the petitioner. The language of the statute that dissolution will be ordered where it ‘ ‘ will be beneficial to the stockholders ’ ’ is not mere empty verbiage. It is intended to mean something, and it applies with peculiar force to the situation here involved.
The object of the dissolution sought is personal to Cantelmo, and is certainly not for the benefit of either himself or of Brewer, as stockholders. As we interpret the statute, the sole desire of the petitioner to.get control of the business entirely for himself is not one of the purposes for which the dissolution section was enacted.
The order should be reversed, with costs to the respondent-appellant and the petition denied.